## WILLIAMS & LEE *vs.* WARFIELD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The verdict of the jury rendered on doubtful evidence, and the effect of
presumptions arising from circumstances in a case, will not be disturbed.

The plaintiffs allege, they placed a note for eight thousand
dollars, bearing interest on its face at eight per cent. per
annum, in the hands of the defendant, to be by him dis-
counted, in his capacity of broker; that he had it discounted

EASTERN DIST.
June, 1838.
═══════
WILLIAMS & LEE
vs.
WARFIELD.

without reference to the interest due on it, by which means they sustained a loss of four hundred and twenty-eight dollars and forty-four cents, according to an account annexed, for which the defendant is liable. They pray judgment for said sum.

The defendant admitted that he procured the note in question, to be discounted, and paid over the proceeds to the plaintiff, who received it, and appeared satisfied with the transaction, by which he was discharged. He calls the persons in warranty to whom he sold the note.

The witnesses were not certain that the note bore interest, and the declarations of the defendant, given in evidence, went to the same point.

The jury returned a verdict for the defendant, "for want of sufficient evidence that the note bore interest." The plaintiff appealed.

*S. P. Andrews,* for the plaintiff.

*Preston, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiffs placed in the hands of the defendant, a broker, a promissory note, for the purpose of obtaining the discount of it; this being effected, the proceeds were paid to the plaintiffs. The note, it is alleged on its face, bore interest from the date, and that it was afterwards discovered that the defendant, overlooking that circumstance, had neglected to demand the interest. The present suit was brought to recover the sum of four hundred and twenty-eight dollars and forty-four cents, the amount of the interest from the date of the note to its maturity. There was a verdict and judgment for the defendant, and the plaintiffs appealed, after an unsuccessful attempt to obtain a new trial.

The defendant has obtained a verdict of the jury. There is no positive legal evidence that the note actually bore interest; and although there may be, in our opinion, presumptive evidence that it did, but as the jury have thought

EASTERN DIST. that the presumption was not sufficient to warrant the verdict
June, 1838.   against the defendant, and the refusal of the judge to grant

CLARK   a new trial, induces a belief that he was satisfied with the
*vs.*   verdict, we do not think it our duty to disturb it ; especially
CHRISTINE ET AL
The verdict of when the defendant overlooked the call for interest in the
the jury render-
ed on doubtful note, and the plaintiff did not discover it, either at the time
evidence,   and he gave the note to the defendant for discount, nor when he
the effect of pre-
sumptions  ari- received the proceeds.   The jury, perhaps, thought the
sing from  cir- plaintiff ought not to be dissatisfied, if his affairs were
cumstances in a
case, will not be managed by the defendant with the same care and attention
disturbed.   which he himself bestowed on them.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.